## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## WESTERN DIVISION

LIONEL HANNA, #55194-004                                           PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:06cv110-DCB-MTP

MICHAEL PETTIFORD, Warden                                          RESPONDENT

### ORDER

This matter comes before the Court on the petitioner's Objection [**docket entry no. 35**] to the Report and Recommendation [**docket entry no. 34**] of the Magistrate Judge.  Having considered the Objection, Report and Recommendation, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND

On April 22, 2004, petitioner Lionel Hanna, federal prisoner number 55194-004, filed a petition for a writ of mandamus and/or a writ of prohibition [docket entry no. 1], later construed by the Court as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, Hanna challenges the annual amount of good time conduct he is receiving toward his sentence.  At the time he filed petition, Hanna was incarcerated at the Federal Correctional Institute in Yazoo City, Mississippi ("FCI Yazoo

City")[1].

On April 14, 2005, the petitioner filed a Notice [docket entry no. 14] with the Court indicating that he had been transferred to FCI Marianna, Florida.  On March 9, 2006, after finding that it lacked jurisdiction to consider the petition, this Court issued an Order [docket entry no. 17] transferring the case to the United States District Court for the Northern District of Florida, Panama City Division.  On August 7, 2006, the case was transferred back to this Court by Order [docket entry no. 24] of the United States District Court for the Northern District of Florida, Panama City Division.  On May 2, 2006, the petitioner filed a Notice [docket entry no. 29] informing the Court that he had been relocated to FCI Jesup, Georgia.

On October 3, 2007, the Magistrate Judge issued a Report and Recommendation [docket entry no. 34] suggesting sua sponte that this Court does not have jurisdiction to consider Hanna's petition because he is no longer incarcerated within the territorial confines of this district.  The Magistrate Judge recommends that the case should be transferred to the United States District Court for the Southern District of Georgia, the district within which Hanna is currently incarcerated at FCI Jesup.

On October 18, 2007, the petitioner timely filed his Objection

---

[1] FCI Yazoo City is located within the territorial confines of the Southern District of Mississippi.

[docket entry no. 35] to the Report and Recommendation. Accordingly, the Court will conduct a de novo review of the Magistrate Judge's Report and Recommendation.

## II. ANALYSIS

"The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging physical confinement, jurisdiction lies in only one district: the district of confinement."[2] Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 2722, 159 L. Ed. 2d 513 (2004). Pursuant to what is known as the immediate custodian rule, "in habeas challenges to present physical confinement — 'core challenges' — . . . the proper respondent is the warden of the facility where the prisoner is being held . . . ." Id. at 435, 124 S. Ct. at 2718.

An important exception to these rules is that once a court acquires jurisdiction with the initial filing of a habeas petition against a petitioner's immediate custodian in the district of the petitioner's confinement, it is not destroyed by a transfer of the petitioner to another district and the accompanying change in custody. Id. at 441, 124 S. Ct. at 2721; Ex Parte Endo, 323 U.S.

---

[2] The type of jurisdiction implicated by the habeas statute does not relate to the subject matter jurisdiction of this Court. Id. at 434 n.7, 124 S. Ct. 2717. Rather, it is likely more closely akin to personal jurisdiction or venue, both of which may be waived. Id. at 452, 124 S. Ct. at 2728 (Kennedy, J., concurring); Moreland v. Federal Bureau of Prisons, 431 F.3d 180, 183 n.8 (5th Cir. 2005). The respondent has not raised the issue in this case.

283, 306, 65 S. Ct. 208, 220, 89 L. Ed. 243 (1944); Stokes v. United States Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004); U.S. ex rel. Meadows v. State of N.Y., 426 F.2d 1176, 1182 (2d Cir. 1970); Sweat v. White, 829 F.2d 1121, 1121 (4th Cir. 1987) (table, text in Westlaw); Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001); McClure v. Hopper, 577 F.2d 938, 939-40 (5th Cir. 1978); White v. Lamanna, 42 Fed. Appx. 670, 671 (6th Cir. 2002) (unpublished opinion); Ross v. Mebane, F.2d 1199, 1202 (7th Cir. 1976); Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981); Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005); Prevatte v. Gunja, 167 Fed. Appx. 39, 42 (10th Cir. 2006) (unpublished opinion). When he filed his petition for a writ of habeas corpus on April 22, 2004, Hanna was confined in FCI Yazoo City, which is located within the territorial bounds of this district.  In his petition, Hanna names his immediate custodian Michael Pettiford, Warden of FCI Yazoo City, as respondent therein.  Based upon the foregoing authorities, merely because Hanna has now been transferred outside this district and into the custody of another warden does not deprive the Court of jurisdiction.  Rather, this Court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."[3]  Padilla, 542 U.S. at 441, 124 S. Ct. at 2721.

---

[3] As the Supreme Court explained in Ex parte Endo, "the decree of the court may be made effective if a respondent who has custody of the [petitioner] is within reach of the Court's process."  323

4

### III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities, the Court finds that it has jurisdiction to consider Hanna's petition.  A report and recommendation on the merits thereof by the Magistrate Judge should follow hereafter with all possible dispatch. Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's Objection [**docket entry no. 35**] to the Report and Recommendation [**docket entry no. 34**] of the Magistrate Judge is **SUSTAINED**.

**SO ORDERED,** this the   24th   day of January 2008.

                                    s/ David Bramlette
                                    **UNITED STATES DISTRICT JUDGE**

---

U.S. at 307, 65 S. Ct. at 221.  The Court need not decide at this time who such a respondent may be.