IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LIONEL HANNA, #55194-004                                                                         PETITIONER

versus                                                               CIVIL ACTION NO. 5:06-cv-110-DCB-MTP

MICHAEL PETTIFORD, WARDEN,
FCI YAZOO CITY,                                                                                 RESPONDENTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court on a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [24-3] (the "Petition").[1]  Having reviewed the Petition, the Answer, the Reply, all matters made a part of the record in this case, as well as applicable law, the undersigned recommends that the Petition be dismissed with prejudice.

FACTUAL BACKGROUND

*Pro se* petitioner Lionel Hanna is currently incarcerated in the Federal Correctional Institution ("FCI") in Jesup, Georgia, serving a 180-month sentence imposed on November 17, 2000 by the United States District Court for the Southern District of Georgia, for the offenses of Possession with Intent to Distribute Cocaine and Possession of a Firearm During a Drug Offense. Petitioner's current projected release date is May 18, 2013.

On April 22, 2004, petitioner filed his Petition, in which he challenges the amount of good conduct time ("GCT") he is annually receiving as a result of his participation in the General Education Development ("GED") credentialing program at FCI Yazoo City, Mississippi.[2]

The record reflects that on April 20, 2001, petitioner began participating in the GED

---

[1] Although petitioner originally filed this action as a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361, by Order dated May 21, 2004, this court has construed it as a Petition filed pursuant to 28 U.S.C. § 2241, because the issue at bar is the execution of petitioner's sentence.  *See Davis v. Fechtel*, 150 F.3d 486, 487-88 (5th Cir. 1998).

[2] Petitioner was incarcerated at FCI Yazoo City from January 18, 2001 until approximately April 14, 2005, when he was transferred to FCI Marianna, Florida.  Petitioner was transferred to his current institution - FCI Jesup, Georgia, on or about May 2, 2006.

program at FCI Yazoo City.  In November 2001, staff reported that petitioner "lacks some confidence but applies self well" and noted that he was "improving."  In July 2002, staff reported that he was making "slow progress but has a good attitude."  In March 2003 staff reported that petitioner's participation remained "sat" ("satisfactory") and that he 'struggles with essay but keeps good effort."  During this time period, petitioner's status was listed as "GED Progress Satisfactory."

On October 2, 2003, having completed 240 hours of the program, petitioner presented staff with a request to be released from further participation.  A member of the Education Department staff provided petitioner with a typed Inmate Request to Staff form to sign, which stated:  "I understand that it is possible that my Good Conduct Time (GCT) may be affected when I elect to drop out of GED/ESL class."  Although petitioner did not sign the form, he printed his name and other information at the top of the form.

Pursuant to petitioner's request, he was withdrawn from the GED program effective October 2, 2003.  Petitioner's status was then changed to "GED Progress Unsatisfactory."  As of January 6, 2004, petitioner's GCT award was changed to 42 days per year, rather than the 54 days per year he had received while he was participating in the GED program.  In his Petition, petitioner challenges the reduction in his GCT award, claiming that he should be receiving 54 days of GCT per year.

## ANALYSIS

The Bureau of Prisons' ("BOP") regulations in inmate literacy are set forth at 28 C.F.R. § 544.70, *et seq*.  Convicted inmates who enter the BOP and who do not already have a verified high school diploma or GED are required to attend an adult literacy program for a minimum of 240 hours or until a GED is achieved, whichever occurs first (unless they fall within certain exceptions not applicable here).  28 C.F.R. §§ 544.70, 544.71.  An inmate who is enrolled in the literacy program will be deemed to be making satisfactory progress, unless and until, *inter alia*, "[t]he inmate has withdrawn from the literacy program."  28 C.F.R. § 544.73(b)(1)(iii).  An

inmate who has completed the minimum 240 hours can withdraw from participation without facing disciplinary action.  28 C.F.R. § 544.73(c); *see also* 28 C.F.R. § 544.75.

18 U.S.C. § 3624(b)(1) provides that the maximum amount of GCT a prisoner may receive per year is 54 days, "subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."  However, if the BOP determines that "the prisoner has not satisfactorily complied with such institutional regulations," the Bureau may award "such lesser credit as the Bureau determines to be appropriate."  In making the determination of how much GCT an inmate shall receive, "the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree."  Pursuant to this statutory directive, the BOP has crafted reguations providing that where an inmate has earned or is making satisfactory progress toward earning a GED or high school diploma, the BOP "will award" 54 days GCT; however, where an inmate has not earned or is not making satisfactory progress toward earning a GED or high school diploma, the BOP "will award" only 42 days GCT.  28 C.F.R. §§ 523.20(c)(1),(2).

Petitioner does not deny dropping out of the GED program, nor does he deny not having a GED or a high school diploma.  Yet petitioner claims that he is entitled to receive 54 days GCT, rather than 42.  Apparently, petitioner wants to receive the same amount of GCT as inmates who are making satisfactory progress toward their GED, without having to participate in the program.  However, as set forth above, Congress has mandated that the BOP take into consideration whether an inmate has made satisfactory progress toward earning a GED in determining how much GCT that inmate should receive.  The BOP has done so in its regulations, which provide that where an inmate fails to make satisfactory progress towards his GED, as petitioner has done, although he cannot be disciplined, he shall receive only 42 days GCT.  Indeed, numerous cases have reviewed and rejected claims like petitioner's, holding that the BOP may properly withhold GCT where an inmate refuses to continue to participate in a GED program.  *See Davis v. Stine*,

3

2007 WL 2403665, at * 4 (E.D. Ky. Aug. 21, 2007) (BOP properly awarded inmate only 42 days GCT where he refused to participate in literacy program beyond 240 hours); *Riascos v. Sanders*, 2007 WL 1185713, at * 3 (E.D. Ark. Apr. 19, 2007) (denying petitioner's claim that he should receive 54 instead of 42 days GCT: "Petitioner may choose not to participate in the [literacy] program, without disciplinary action against him, but he cannot expect to receive GCT as though he was making satisfactory progress in a program he chose not to participate in."); *Marshek v. Gunja*, 2006 WL 3937094, at * 2 (W.D. Mo. Dec. 14, 2006) (BOP properly exercised its discretion in awarding 42 rather than 54 days of GCT, where inmate classified as "GED Unsat" by staff for making unsatisfactory progress towards his GED); *Fernandez v. Nash*, 2006 WL 1966647, at * 4 (D.N.J. July 11, 2006) (where petitioner had withdrawn from GED program, holding that "BOP acted within its discretion to deny the highest level of good time credits to Petitioner.").

Accordingly, petitioner is not entitled to habeas relief and his Petition should be dismissed with prejudice.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Lionel Hanna's Petition for a Writ of Habeas Corpus [24-3] be denied and dismissed with prejudice. It is further the recommendation of this court that all other pending motions be dismissed as moot.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 30th of January, 2008.

s/Michael T. Parker
United States Magistrate Judge
