**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

LIONEL HANNA, #55194-004                                     PETITIONER

VERSUS                            CIVIL ACTION NO. 5:06cv110-DCB-MTP

MICHAEL PETTIFORD, Warden                                    RESPONDENT

<u>ORDER</u>

This cause comes before the Court on the Report & Recommendation [**docket entry no. 37**] of the United States Magistrate Judge and the petitioner's Objection [**docket entry no. 38**] thereto.  Having carefully considered the petitioner's Objection and conducted a de novo review of those portions of the Report & Recommendation to which the petitioner has objected in light of all applicable law, the Court finds and orders as follows:

On April 22, 2004, Lionel Hanna filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  In his Petition, Hanna challenges the amount of annual good conduct time ("GCT") he receives due to his participation in a General Education Development ("GED") program.  More specifically, the petitioner claims that the change in his status from "GED Progress Satisfactory" to "GED Progress Unsatisfactory" after he withdrew from the GED program after having completed 240 hours in the program was disciplinary in nature, and the subsequent decision of the Bureau of Prisons ("BOP") to reduce his GCT from 54 to 42 days per year based upon the petitioner's "unsatisfactory" progress

toward acquiring a GED was arbitrary and capricious.

On January 30, 2008, the United States Magistrate Judge issued a Report & Recommendation [docket entry no. 37] wherein he opines that the petitioner is not entitled to habeas relief inasmuch as the BOP properly awarded the petitioner 42 rather than 54 days of GCT per year pursuant to 18 U.S.C. § 3624(b)(1) and 28 C.F.R. §§ 523.20(c)(1), (2) due to his failure to earn or be making satisfactory progress toward earning a GED.  Accordingly, the Magistrate Judge recommends that Hanna's Petition be dismissed with prejudice.

On February 12, 2008, the petitioner filed his Objection [docket entry no. 38] to the Magistrate Judge's Report & Recommendation.  In his Objection, Hanna again claims that the change in his status from "satisfactory" to "unsatisfactory" upon his withdrawal from the GED program after he completed 240 hours in the program constituted disciplinary action in violation of 28 C.F.R. § 544.73(c), and that the loss of 12 days of GCT per year based upon his change in status is violative of his rights.

This Court agrees with the Magistrate Judge's Report & Recommendation and holds that the change in the petitioner's status to "unsatisfactory" following his voluntary removal of himself from the GED program after his completion of 240 hours in the program was not disciplinary action under 28 C.F.R. § 544.73(c), and that his subsequent loss of eligibility for the maximum amount of GCT

under 18 U.S.C. § 3624(b) and 28 C.F.R. §§ 523.20(c)(1), (2) as determined by the BOP is not violative of any of his rights. Therefore, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and his Petition shall be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Report & Recommendation [**docket entry no. 37**] of the United States Magistrate Judge is **ADOPTED.**

**IT IS FURTHER ORDERED** that the petitioner's Objection [**docket entry no. 38**] to the Report & Recommendation is **OVERRULED.**

**IT IS FURTHER ORDERED** that all other pending motions in this action, if any, are **DENIED AS MOOT.**

**SO ORDERED,** this the __16th__ day of May 2008.


    ___s/ David Bramlette_____
    **UNITED STATES DISTRICT JUDGE**

3